Edward J. BRENNAN, Jr., Plaintiff-
Appellant,

v.

James A. RHODES, Governor, et al.,
Defendants-Appellees.

No. 19997.

United States Court of Appeals,
Sixth Circuit.

Feb. 16, 1970.

Paul W. Brown, Atty. Gen., Julius J. Nemeth, Asst. Atty. Gen., Columbus, Ohio, on motion to affirm.

Edward J. Brennan, Jr., in pro per., on response to motion.

Before EDWARDS, McCREE, and BROOKS, Circuit Judges.

PER CURIAM.

Defendants-appellees have filed a motion pursuant to Rule 8(b), Rules of the United States Court of Appeals for the Sixth Circuit, seeking affirmance of the judgment of the District Court. The District Court dismissed plaintiff's complaint on the ground that it failed to state a claim upon which relief can be granted.

A dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Although we affirm the judgment of the District Court we deem it unnecessary to reach the merits of this case.

Plaintiff's complaint, which was filed *pro se*, sought a declaration that certain sections of the Revised Code of Ohio were unconstitutional because they infringed his rights under the Second Amendment to the Constitution of the United States. Thus, the relief sought was a declaratory judgment. Such relief is authorized by 28 U.S.C. § 2201, but this section does not broaden the jurisdiction granted to the federal courts by the Constitution and statutes enacted pursuant thereto. There still must be a case or controversy before a federal

court can assume jurisdiction and reach the merits of a case. Alabama Federation of Labor v. McAdory, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 376 F.2d 1015, 1017–1018 (6th Cir. 1967).

In the instant case, plaintiff has not alleged that he is in danger of being prosecuted for violating the challenged sections of the Revised Code of Ohio. Indeed, he has not even alleged that he owns a weapon which violates the terms of the sections or that he intends to procure one. In this posture, this case does not, at this time, present a case or controversy cognizable by a federal court. *Cf.* Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911).

Accordingly, the motion to affirm the judgment of the District Court will be granted on the ground that the District Court lacked jurisdiction.