Garry B. THOMPSON and John R. Sauers; and Sanitary Landfill Site, Inc., a Wisconsin Corporation, Plaintiffs,

v.

Lee M. THOMAS, Administrator, U.S. Environmental Protection Agency; United States Environmental Protection Agency; and Minnesota Mining and Manufacturing Co., Defendants.

Civ. A. No. 86–2573.

United States District Court, District of Columbia.

July 9, 1987.

F. Henry Habicht, II, Asst. Atty. Gen., Lawrence E. Blatnik, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C.

Caroline Wehling, Office of General Counsel, U.S. E.P.A., Washington, D.C.

John E. Heintz, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Washington, D.C., for 3M.

James A. Payne, Bryan L. Crawford, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, Minn., for 3M.

Donald J. Hanaway, Atty. Gen., James H. McDermott, Asst. Atty. Gen., Charles D. Hoornstra, Asst. Atty. Gen., Robert M. Hunter, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis.

## MEMORANDUM OPINION

REVERCOMB, District Judge.

Upon consideration of defendants' motions to dismiss, the plaintiffs' oppositions, and the entire record, it is

ORDERED that defendants' motions to dismiss are GRANTED.

Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, this Court dismisses the complaint as to the following defendants for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted: the United States Environmental Protection Agency ("EPA"); Lee M. Thomas, Administrator EPA; and, Minnesota Mining and Manufacturing Company ("3M").

Plaintiffs attempt to invoke the Court's jurisdiction under the Resource Conservation and Recovery Act, as amended ("RCRA") 42 U.S.C. Secs. 6901–6987 (1982) and the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. Secs. 9601 et seq. (1982). Both RCRA and CERCLA provide a means for citizen enforcement through "citizen suits." However, plaintiffs have made no factual allegations which would support a claim under those statutes and the relief requested by plaintiffs is unavailable under those statutes.

The RCRA, Sec. 7002(a)(1), 42 U.S.C. 6972(a)(1) authorizes a suit against defendants who are themselves managing hazardous wastes. The complaint makes no factual allegations that the EPA is managing hazardous waste at the plaintiffs' landfill. Sec. 7002(a)(1) does not create liability on the part of the EPA simply because it is charged with enforcing federal statutes and regulatory standards. The plaintiff wishes EPA to take enforcement action under RCRA which is wholly discretionary. Sec. 7002(a)(2), 42 U.S.C. Sec. 6972(a)(2), is only available for a citizen suit where the EPA has failed to perform a nondiscretionary act or duty. The plaintiff has not alleged any mandatory act or duty which EPA has failed to carry out.

Plaintiff also asserts that the EPA has mandatory enforcement duties at the landfill because of open dumping prohibitions in Subtitle D of RCRA. The EPA will not have this discretionary authority under RCRA until 1989. Presently, the plaintiffs' action to enforce the open dumping provision is through a citizen suit against those persons engaged in open dumping in violation of 42 U.S.C. Sec. 6945(a).

■ RCRA allows any state to administer and enforce a hazardous waste program, provided it meets the minimum requirements of RCRA including the federal hazardous waste regulations promulgated under the Act. The EPA has authorized the State of Wisconsin to administer and enforce its own hazardous waste program in lieu of the federal program dealing with hazardous wastes. Thus, the violations which the plaintiff alleges 3M has committed under the federal regulations promulgated under RCRA have been superseded in Wisconsin by the state regulations. Therefore, the Court concludes that the alleged violations by 3M of the Wisconsin regulations should be brought in the Wisconsin state court pursuant to Wisconsin law.

■ Plaintiff also seeks to invoke jurisdiction under the citizen suit provision of CERCLA. The plaintiffs are asking this Court to order the EPA to enforce the requirements of CERCLA against the landfill or to fund a private cleanup of the site. The complaint does not cite the new citizen suit provision of CERCLA, Sec. 310, 42 U.S.C. Sec. 9659, which became effective on October 17, 1986, following the commencement of this suit. Plaintiffs' attempt to use sec. 310 of CERCLA as a jurisdictional basis for this suit will fail since they have not complied with the 60–day notice requirement of Sec. 310(c), 42 U.S.C. Sec. 9659(c). Sec. 310(e) provides that "no action may be commenced before the 60th day following the date on which the plaintiff gives notice to the Administrator, department or agency that the plaintiff will commence such action." The plaintiffs have failed to give the defendants notice as required under sec. 310(e).

■ The Court concludes that even if the notice requirements were met under sec. 310(e) of the CERCLA, the plaintiffs' complaint would still fail to survive dismissal under Rule 12(b)(1) and (6) of Fed.R.Civ.Pr. Sec. 310 of CERCLA, like the citizen suit provision in RCRA, only provides jurisdiction over suits to compel performance of mandatory duties. Again plaintiff has stated no facts which would require the Court to find that the EPA has a mandatory duty to plaintiff under sec. 310 of CERCLA.

■ Plaintiffs' complaint fails to state a claim against 3M for the recovery of cleanup or "response" costs under CERCLA because it does not allege, as required under the Act, that the plaintiffs have incurred such costs.

■ Plaintiffs' amended complaint against the actions of Judge Todryk challenges judicial action or judicial inaction taken in the exercise of judicial discretion, relating to cases wherein Judge Todryk was the presiding judge. The federal defendants having been dismissed from this action, the Court no longer has personal jurisdiction over Judge Todryk. Furthermore, Judge Todryk was clearly performing a judicial function and is immune under the doctrine of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ The plaintiffs' amended complaint against defendant Carroll D. Besadny is dismissed for failure to comply with the requirements for service of process as set forth in Rule 4 of the Fed.R.Civ.P. Furthermore, Fed.R.Civ.P. 17(a) requires that "every action shall be prosecuted in the name of the real party in interest." As is evident from the allegations of the complaint, the real party in interest is the corporation, not the two individual plaintiffs who are its shareholders and/or officers. Since the individual plaintiffs are not the real parties in interest their names should be stricken from all pleadings in this matter. Further, it is well settled that a corporation can only appear in a court of record by its duly appointed attorney. In the instant action, neither of the plaintiffs are attorneys and this Court cannot act upon pleadings signed by the individual plaintiffs on the corporation's behalf.

Accordingly, it is ORDERED that defendants' motions to dismiss are GRANTED, and this matter is DISMISSED.