**SIERRA CLUB, Plaintiff,**

v.

**CHEMICAL HANDLING CORPORATION, Defendant.**

**No. 91–C–1074.**

United States District Court, D. Colorado.

Aug. 6, 1991.

See also 778 F.Supp. 24.

Adam Babich, Denver, Colo., for plaintiff.

Phillip Figa, Englewood, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

CARRIGAN, District Judge.

Plaintiff, the Sierra Club, commenced this action seeking injunctive and declarato-

ry relief as well as damages under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.* Asserting that this court lacks subject matter jurisdiction, the defendant, Chemical Handling Corporation, has moved to dismiss the complaint pursuant to Rule 12(b)(1), Fed.R.Civ.P. Plaintiff has responded by moving to strike the defendant's motion to dismiss. Subject matter jurisdiction allegedly is founded on 42 U.S.C. § 6972(a)(1)(A) & (B), 28 U.S.C. § 2201 and 28 U.S.C. § 1331.

Relying on *Williamsburgh–Around-the–Bridge Block Association v. New York Dep't of Envir. Conservation,* 30 Env't Rep.Cas. 1188, 1989 WL 98631 (N.D.N.Y.1989), the defendant asserts that Colorado's Hazardous Materials and Waste Management Act superceded RCRA and therefore the plaintiff does not have a federal claim for relief. Although several district courts have adopted the defendant's position, others have not. After reviewing the cases, I conclude that the better reasoned position is that citizen suits can be brought under RCRA in states, such as Colorado, that have EPA authorized hazardous waste programs. *See Lutz v. Chromatex, Inc.,* 725 F.Supp. 258 (M.D.Pa. 1989); *United States v. Conservation Chemical Co.,* 660 F.Supp. 1236 (N.D.Ind. 1987) and *Sierra Club v. United States Dept. of Energy,* 734 F.Supp. 946 (D.Colo. 1990).

For the reasons set forth in *Conservation Chemical,* 660 F.Supp. at 1236, I conclude that this court has subject matter jurisdiction under 42 U.S.C. § 6972(a)(1)(A) & (B), 28 U.S.C. § 2201 and 28 U.S.C. § 1331.

Accordingly IT IS ORDERED that:

(1) Defendant's motion to dismiss pursuant to Rule 12(b)(1) is denied;

(2) Plaintiff's motion to strike is denied as moot; and

(3) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a settlement conference before a Magistrate Judge, or some other alternative dispute resolution proceeding, would facilitate settlement.