James **PETROPOULOS**, Plaintiff,

v.

**COLUMBIA GAS OF OHIO, INC.**, Defendant.

No. C2–92–1076.

United States District Court, S.D. Ohio, E.D.

Oct. 27, 1993.

**512**

David Wayne Hardymon, Vorys, Sater, Seymour & Pease, Columbus, OH, for plaintiff.

John White Edwards, Jones, Day, Reavis & Pogue, Columbus, OH, for defendant.

### MEMORANDUM AND ORDER

#### Background

BECKWITH, District Judge.

This matter is before the Court to consider the Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This dispute centers on a large, concrete parking garage located at 170 Marconi Boulevard in Columbus, Ohio. The Plaintiff is a limited partner in the Marconi Company, the owner of the parking garage. In this action, the Plaintiff seeks injunctive and monetary relief in connection with the Defendant's alleged installation of the underground motor fuels and waste storage tanks in the garage facility.

The Plaintiff, James Petropoulos, has brought this action under the citizen suit

provisions of Section 7002 of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.[1] The Defendant in this action is Columbia Gas of Ohio, Inc. In Count One of his complaint, the Plaintiff seeks an order requiring the Defendant to fully comply with, among other things, the registration, closure and removal requirements for underground storage tanks ("USTs"). In Count Two of his complaint, the Plaintiff seeks, inter alia, to preliminarily and permanently enjoin the Defendant from contributing to the past and present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste at the subject UST site which may present an imminent and substantial endangerment to health or the environment. In Count Two, the Plaintiff also seeks an order requiring the Defendant to take such other action as may be necessary to fully comply with all local, state and federal laws, ordinances, rules, permits, and regulations. The Plaintiff's claim in Count One is asserted under 42 U.S.C. § 6972(a)(1)(A) while the Plaintiff's claim in Count Two is asserted under 42 U.S.C. § 6972(a)(1)(B).

According to the Plaintiff's complaint, from May of 1960 through July of 1983, the Defendant and its predecessor in interest, the Ohio Fuel Gas Company, occupied a certain area of the parking garage located at 170 Marconi Boulevard for the purpose of parking and servicing its corporate motor vehicle fleet. The Plaintiff further alleges that the Defendant had complete and exclusive control over this area of the garage. Additionally, the Plaintiff alleges that during its occupancy of the garage, the Defendant purchased and arranged for the installation of the USTs. The Plaintiff also alleges that the Defendant used these tanks to store motor fuels and waste oils generated by the servicing of its

---

**1.** The Defendant has pointed out to the Court that such citizen suits are generally brought by concerned citizen groups against a property owner or other responsible party to force compliance with applicable state and/or federal laws. The Defendant then notes that this case has been brought by a property owner against a former lessee of the property. The Court notes that the Defendant has not provided the Court with any

authority that the relief available in the applicable statutes is limited to citizen groups. Moreover, the Court notes that property owners have brought claims under the RCRA. *See Dague v. City of Burlington,* 935 F.2d 1343 (2d Cir.1991); *Tanglewood East Homeowners v. Charles–Thomas, Inc.,* 849 F.2d 1568 (5th Cir.1988); and *Zands v. Nelson,* 797 F.Supp. 805 (S.D.Cal.1992).

motor vehicle fleet. In July of 1983, the Defendant vacated the garage premises when it moved its corporate headquarters.

### Standard of Review

■ Rule 56(c) of the Federal Rules of Civil Procedure provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The purpose of a summary judgment motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir.1978).

In 1986, the United States Supreme Court issued three decisions which gave new life to Rule 56 as a mechanism for weeding out certain claims at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is well recognized that these cases brought about a "new era" in summary judgment practice. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The three opinions by the Supreme Court reflect a return to the original purpose of the summary judgment motion. *Id.*

■ Accordingly, the summary judgment "standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–8, 106 S.Ct. at 2510 (emphasis in original). Moreover, when a party cannot establish the existence of an element essential to that party's case on which the party will have the burden of proof at trial, the Court must enter summary judgment against

that party, pursuant to Rule 56. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Thus, in order to survive a motion for summary judgment,

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"

*Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356 (emphasis in the original) (footnote and citations omitted).

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Accordingly, mere allegations are not sufficient to defeat summary judgment. The Court can now apply this standard to the Defendant's motion for summary judgment.

### Analysis

According to the various documents which have been submitted by the parties, it appears to the Court that the following facts are not in dispute. The Court notes that the parties disagree on some factual issues, but none of their factual disputes appear to be relevant to the legal issues discussed in this Order. On May 16, 1960, Ohio Fuel Gas Company ("Ohio Fuel") conveyed the property located at 170 Marconi Boulevard to the Temple of Goodwill ("Temple") in exchange for rent-free parking for twenty years in the parking garage to be erected at this location. Temple and Ohio Fuel entered into a lease agreement which provided, inter alia, that Temple would construct a new parking ga-

rage on the same property and that Ohio Fuel would occupy a portion of that garage.

Pursuant to this agreement, Temple constructed the parking garage with a motor vehicle service area within the garage. The lease provided that the lessee possessed an "exclusive and private space" in the south end of the garage for a vehicle service area which was equipped with "[a]ll special and usual equipment, including facilities for gasoline service to motor vehicles."

Ohio Fuel took possession of the leasehold on August 1, 1961 and the lease expired on July 31, 1981. In 1963, Ohio Fuel assigned its interest in the leasehold to its successor, the Defendant in this action. In 1967, the Marconi Company[2] purchased Temple's interest in the parking garage. Accordingly, the Marconi Company became the lessor and the Defendant became the lessee. The Plaintiff asserts that three or four years after the transfer of the parking garage to the Marconi Company from Temple, the Defendant purchased and installed three new underground storage tanks beneath the concrete floor of the parking garage.[3] These three tanks are the tanks involved in this action. Two of the tanks were used by the Defendant to store gasoline for its fleet of service vehicles and the third was used to store waste oil drained from these vehicles. In July of 1983, the Defendant vacated its portion of the parking garage, in part, because the Defendant moved its corporate headquarters and vehicle service operation to a different location. At that time, the service facility was operational.

■ The Defendant first argues that it is entitled to summary judgment because the lease had terminated, the Defendant had vacated the leased premises of the parking garage and the gas company had relinquished all rights to use of the Marconi

Company's USTs prior to enactment of the applicable state or federal UST regulations. However, the Plaintiff argues that the federal and state statutes governing USTs provide for retroactive application to persons who owned and discontinued using a UST before November 8, 1984. The Plaintiff thus argues that since the Defendant was the last and the only person to use the subject tanks, the fact that the statutes were enacted after the Defendant discontinued its use is immaterial.

In 1989, the Ninth Circuit Court of Appeals held that Section 6972(a)(1)(A) does not impose retroactive liability. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1159 (9th Cir.1989). The *Ascon* court noted that many environmental statutes do impose retroactive liability and cited a Supreme Court decision that involved the issue of subject matter jurisdiction over a citizen suit for past violations of the Clean Water Act. *Ascon*, 866 F.2d at 1159 (citing *Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987)). In dictum in *Gwaltney*, the Supreme Court noted that the language of Section 6972(a)(1)(A) "authorize[s] only prospective relief." *Id.* However, the *Gwaltney* court also expressly referred to Section 6972(a)(1)(B) as an example of Congress' ability to avoid a mere prospective application of a statute. *Id.*

The Court notes that Title 42, Section 6972 provides, in pertinent part:

(a) ... Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(1)(A) against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has

---

2. According to the Defendant, Franklin Equity Corporation is the general partner in the Marconi Company, and James Petropoulos and his wife, Lula Mae Petropoulos are the limited partners in the Marconi Company. Additionally, the Defendant asserts that the sole shareholders of Franklin Equity Corporation are James Petropoulos and Lula Mae Petropoulos.

3. Although the Defendant does not deny that it purchased and installed the tanks, the Defendant apparently claims that it lacks information regarding the purchase and installation of the tanks. The Defendant has acknowledged that it prepared an engineering drawing for the tanks' installation. These three tanks apparently were installed to replace a set of underground storage tanks that had been located in the vicinity of an adjacent building.

become effective pursuant to this chapter; or

(B) against any person ... and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment ...

This Court agrees with the analysis of the *Ascon* court and finds that the language of Section 6972(a)(1)(A) authorizes only prospective relief while the language of Section 6972(a)(1)(B) provides for retroactive liability. The language of Section 6972(a)(1)(B) permits any person to file suit on his own behalf against any person "including a *past* or present owner or *operator* of a treatment, storage, or disposal facility, *who has contributed ... to the past* or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste...." 42 U.S.C. § 6972(a)(1)(B) (emphasis added). Thus, the language of Section 6972(a)(1)(B) provides a remedy for either past or present actions. *E.g., Tanglewood East Homeowners v. Charles–Thomas, Inc.*, 849 F.2d 1568 (5th Cir.1988); and *Werlein v. United States*, 746 F.Supp. 887, 896 n. 11 (D.Minn. 1990). Accordingly, the Defendant's motion for summary judgment on Count One is **GRANTED** on this ground and the Defendant's motion for summary judgment on Count Two is **DENIED** on this ground.

■ Additionally, the Defendant contends that it is entitled to summary judgment because the USTs are "owned" by the Marconi Company, as the term is defined in the Ohio Revised Code and the Ohio Administrative Code. The Defendant also contends that the tanks were not "installed within the leasehold" since they were installed beneath the concrete floor of the parking garage. However, the Plaintiff contends that common law principles which frustrate the statutory purpose of federal remedial environmental legislation are not applicable.

■ The Court agrees with the Plaintiff that in litigation under federal statutes, common law doctrines are appropriately applied only when the principles underlying such doctrines are consistent with the congressional intent underlying such statutes. *See Arioli v. Prudential–Bache Securities, Inc.*, 811 F.Supp. 303, 310 (E.D.Mich.1993) citing *American Soc. of M.E.'s v. Hydrolevel Corp.*, 456 U.S. 556, 570, 102 S.Ct. 1935, 1944, 72 L.Ed.2d 330 (1982); *Gray v. Nelson*, 533 F.2d 334 (6th Cir.1976); *Petro–Tech, Inc. v. Western Co. of North America*, 824 F.2d 1349, 1356 (3rd Cir.1987). Moreover, the Court agrees with the Plaintiff that the issue of whether the Defendant is an "owner" is not relevant to the claims contained within Count Two, since Count Two alleges that the Defendant "has contributed ... to the past or present handling, storage, treatment, transportation or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." Accordingly, the Defendant's motion for summary judgment on this ground is **DENIED.**

The Plaintiff also advanced an argument *arguendo* that the common law doctrine of "trade fixtures" is controlling in this case. However, the Court need not address this argument because of its previous finding.

■ Also, the Defendant argues that it is entitled to summary judgment because the Plaintiff has failed to show "imminent and substantial endangerment" as required under 42 U.S.C. § 6972(a)(1)(B). In support of this argument, the Defendant has relied upon the case of *Vernon Village, Inc. v. Gottier*, 755 F.Supp. 1142 (D.Conn.1990). In *Vernon*, the Defendants presented the Court with evidence that the allegedly contaminated water was "safe for consumption." *Id.* at 1155. Thus, in *Vernon*, the court found that "in the absence of any suggestion beyond the mere allegation of 'imminent and substantial endangerment,' I find that there is no genuine issue ..." *Id.* In this case, the Plaintiff asserts that the USTs are located in a commercial area of downtown Columbus and that

the USTs may contain gasoline[4] and do contain waste motor oil. Moreover, the Plaintiff asserts that the USTs have not been properly closed or modified to assure against future leaks. In this case, unlike *Vernon*, the Defendant has not presented the Court with any evidentiary support for its opinion that the USTs may not constitute an imminent and substantial endangerment. Accordingly, the Court finds that the circumstances of the *Vernon* case are distinguishable from circumstances present in this case.

Additionally, under Section 6972(a)(1)(B), the Court notes that a claimant must demonstrate that the solid or hazardous waste *"may* present an imminent and substantial endangerment to the health or the environment." 42 U.S.C. § 6972(a)(1)(B) (emphasis added). The Court finds that this language is "intended to confer upon the courts the authority to grant affirmative equitable relief to the extent necessary to eliminate any risk posed by toxic wastes." *Dague v. City of Burlington*, 935 F.2d 1343, 1355 (2nd Cir. 1991) (quoting *United States v. Price*, 688 F.2d 204, 213 (3rd Cir.1982) *rev'd in part*, —— U.S. ——, 112 S.Ct. 964, 117 L.Ed.2d 130 (1992)). In *Dague*, the Second Circuit Court of Appeals noted that Congress in its enactment of the RCRA "sought to close 'the last remaining loophole in environmental law, that of unregulated land disposal of discarded materials and hazardous wastes.'" *Id.* at 1355 (citation omitted). The *Dague* court also held that:

> a finding that an activity may present an imminent and substantial endangerment does not require actual harm. Courts have consistently held that "endangerment" means a threatened or potential harm and does not require proof of actual harm.

*Id.* at 1356 (citations omitted). At this stage of the proceedings, this Court is unwilling to find that the Plaintiff has not presented a genuine issue of material fact with respect to

whether the solid waste *may* present an imminent and substantial endangerment to the health or the environment under Section 6972(a)(1)(B). In view of the preceding, the Court finds that the Defendant's motion for summary judgment is **DENIED** on this ground.

■ Finally, the Defendant asserts that it is entitled to summary judgment because the Plaintiff has failed to serve notice upon the United States Attorney General as is required under 42 U.S.C. § 6972(F). The Court assumes that the Defendant is referring to Section 6972(b)(2)(F) which provides that "[w]henever any action is brought under subsection (a)(1)(B) of this section in a court of the United States, the plaintiff shall serve a copy of the complaint on the Attorney General of the United States and with the Administrator." In this case, the Plaintiff has brought Count Two of his complaint under Section 6972(a)(1)(B).

The Plaintiff, however, contends that compliance with Section 6972(b)(2)(F) is not a necessary prerequisite for bringing or maintaining an action in this Court. The Plaintiff also contends that no time limitation is provided and no sanction is specified for late compliance with this section. On April 26, 1993, the Plaintiff filed with this Court a Notice of Service, in which the Plaintiff notified the Court that he had served a copy of his Amended Complaint upon the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency. The Defendant has not presented the Court with any authority to the contrary. Indeed, the Court notes that the language of Section 6972(b)(2)(F) contrasts with the language of Sections 6972(b)(2)(A), (B), (C), and (D) which all provide that "[n]o action may be commenced" under certain conditions. Accordingly, the Court finds that the Defendant's motion for summary judgment on this ground is **DENIED.**

---

4. The parties disagree on whether the Defendant made "any effort to drain the tanks of their contents" when the Defendant vacated the parking garage in 1983. The Defendant asserts that its employees attempted to use up all of the gasoline in the two tanks by pumping down as far as possible since the Defendant had paid for all of the gasoline. The Court does not believe that pumping the tanks down as far as possible corresponds with draining the tanks of their contents. The Court, however, finds that this factual dispute is not relevant to the legal issues inherent in this Order.

Additionally, the Plaintiff asserts that the lease provides that the lessee shall indemnify the owner for all liabilities arising out of the lessee's occupancy of the leasehold. The Court notes that the Lease provides, in part:

> Temple shall be free of all and every responsibility with respect to such leased space and Gas Company shall save, hold and defend Temple from all costs, claims and liabilities whatsoever with respect to such leased space and damages to persons or property occurring therein and Gas Company's use and occupancy of said space. Likewise, Temple shall save, hold and defend Gas Company from all costs, claims and liabilities whatsoever with respect to the said parking garage outside of the leased premises and damages to person or property occurring in said parking garage outside of said leased premises and Temple's use and occupancy of the space outside of said leased premises.

The Court notes that the Defendant has not responded to this provision in the lease and accordingly, the Court will not consider the effect of this provision upon this action at this time. The Plaintiff also asserts that the Defendant accepted the responsibility of complying with all applicable laws, ordinances, and regulations and that the Defendant agreed that all property belonging to it located in and about the lease space was there at the Defendant's "sole risk." The Court notes that the Lease provides, in part:

> (J) Gas Company agrees that all property belonging to it and at any time located in and about said leased space shall be there at its sole risk and Temple shall have not responsibility respecting same.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (M) Gas Company shall comply with all laws or ordinance and regulations of public authorities in its use and occupancy of the leased space and shall keep it in a sanitary, clean, healthful and safe condition.

The Court again notes that the Defendant has not yet responded to these provisions in the lease and again, the Court will not consider the effect of these provisions upon this action at this time.

## Conclusion

In view of the preceding, the Court hereby **GRANTS** the Defendant's motion for summary judgment on Count One of the Plaintiff's Amended Complaint and **DENIES** the Defendant's motion for summary judgment on Count Two of the Plaintiff's Amended Complaint. The parties are hereby directed to contact the chambers of Magistrate Judge Norah King within ten days of the date of this Order for the purpose of scheduling a continued preliminary pretrial conference in this action.

**IT IS SO ORDERED.**