The CLOROX COMPANY, Plaintiff,

v.

CHROMIUM CORPORATION and Curto, Reynolds, and Oelerich, Inc., Defendants.

No. 93 C 3331.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 21, 1994.

James K. Toohey, Steven Michael Taber, Ross & Hardies, P.C., Chicago, IL, for plaintiff.

Michael D. Freeborn, Randall G. Vickery, Ann Marie Zwick, Diane C. Gerew, Freeborn & Peters, Chicago, IL, for defendants.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the amended *motion of defendants* Chromium Corporation ("Chromium") and Curto, Reynolds, and Oelerich, Inc. ("CRO") (collectively "Defendants") to dismiss counts I and II of the amended complaint. For the following reasons, Defendants' motion is granted in part and denied in part.

### BACKGROUND

This is an environmental matter involving both the Resource, Conservation, and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.*, and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, as amended by the Superfund Amendments and Reauthorization Act of 1986. The Clorox Company ("Clorox") filed its complaint on June 4, 1993. On June 7, 1993, Defendants received a notice letter stating Clorox's intent to file an RCRA action. On November 5, 1993, Clorox amended its complaint to add counts based upon the RCRA. Defendants, in their motion to dismiss, argue that the counts must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### DISCUSSION

Lack of subject matter jurisdiction is appropriately raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Barnhart v. United States*, 884

F.2d 295, 296 (7th Cir.1989). A determination on a motion for dismissal under Rule 12(b)(1) is manifestly different than one for dismissal under Rule 12(b)(6). *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir. 1990). On a Rule 12(b)(1) motion to dismiss, the court may hold an evidentiary hearing or may organize a documentary inquiry into jurisdiction *sua sponte* because the question goes to the very power of the court to hear the case. *Barnhart,* 884 F.2d at 296; *Crawford v. United States,* 796 F.2d 924, 928–30 (7th Cir.1986).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true, as well as all reasonable inferences drawn from those allegations. *Mid America Title Co. v. Kirk,* 991 F.2d 417, 419 (7th Cir.1993). Because federal courts simply require "notice pleading," this court must construe pleadings liberally. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). A complaint need not specify the correct legal theory or point to the right statute to survive a motion to dismiss. *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1134–35 (7th Cir.1992) (citing *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992)).

In construing reasonable inferences, however, the court need not stretch allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago,* 777 F.Supp. 1437, 1440 (N.D.Ill.1991). A party must allege all elements of the asserted cause of action necessary for recovery. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Mindful of the foregoing standards, the court addresses the substantive issues.

*A. Count I: Superseding § 6972(a)(1)(A)*

The first issue is whether this case is amenable to an RCRA citizen suit pursuant to 42 U.S.C. § 6972. Defendants contend that count I, based upon § 6972(a)(1)(A), should be dismissed because Illinois' hazardous waste program supersedes federal regulations. Defendants refer to § 6926(b) which provides, in pertinent part, as follows:

> Any State which seeks to administer and enforce a hazardous waste program pursuant to this subchapter may develop and ... submit to the Administrator an application ... for authorization of such program.... Such state is authorized to carry out such program *in lieu of the Federal program* under *this subchapter* in such State and to issue and enforce permits for the storage, treatment, or disposal of hazardous waste....

42 U.S.C. § 6926(b) (emphasis added). Because Illinois has an authorized hazardous waste program, Defendants conclude that Illinois' program operates "in lieu of" the RCRA.

Clorox argues, first, that Congress did not intend for authorized state programs to supersede the entire RCRA. Second, Clorox argues that the plain meaning of § 6926(b) limits its application to subchapter III violations only. Clorox reasons that because § 6972(a)(1)(A) is part of subchapter VII, it is not affected by § 6926(b).

It is axiomatic that the starting point for interpreting any statute is the language of the statute itself. *Samaritan Hosp. v. Shalala,* —— U.S. ——, ——, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993); *Hallstrom v. Tillamook County,* 493 U.S. 20, 25, 110 S.Ct. 304, 308, 107 L.Ed.2d 237 (1989); *Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 108–09, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The court's plain reading of the pertinent provisions leads it to conclude the following: (1) the "in lieu of" limitation in § 6926(b) is itself limited to overriding only those federal programs pertaining to subchapter III, hence, state programs supersede federal programs which are based upon subchapter III violations; and (2) § 6972(a)(1)(A) grants citizens the right to sue "any person" who is in violation of any permit, standard, etc. "which has become effective pursuant to this chapter"—that is, where state regulations supersede federal regulations, those federal regulations do not become effective, therefore, citizen suits may not stand on the superseded federal regulations.

The case law has interpreted § 6972 similarly. Many courts have distinguished between § 6972(a)(1)(A) and § 6972(a)(1)(B) when analyzing the issue of citizen suits. *Midwest Aluminum Mfg. Co. v. General Elec. Co, et al.*, No. 4:90–CV–143, 1993 WL 725569, 1993 U.S.Dist. LEXIS 4463, at *12–13 (W.D.Mich. Feb. 5, 1993); *United States v. Straits Steel & Wire Co., et al.*, No. 1:91–CV–383, 1992 U.S.Dist. LEXIS 21431, at *3–4 (W.D.Mich. Nov. 19, 1992). Subsection (a)(1)(A) allows for civil actions "against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter...." 42 U.S.C. § 6972(a)(1)(A). Most courts view subsection (a)(1)(A) as a subsection created to deal with permits. *Dague v. City of Burlington*, 935 F.2d 1343, 1353 (2d Cir.1991), *rev'd on other grounds sub nom. City of Burlington v. Dague*, —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). As such, there is a consensus among federal courts that authorized state permit programs supersede subsection (a)(1)(A) of the citizen suits section. *Dague*, 935 F.2d at 1353; *City of Heath v. Ashland Oil, Inc.*, 834 F.Supp. 971, 979 (S.D.Ohio 1993) ("[A] citizen suit is not available in an authorized state for an alleged violation of a federal provision superseded by state law pursuant to 42 U.S.C. § 6926(b)."); *Kelley v. H & H Tube & Mfg. Co., et al.*, No. 89–CV–10059, 1990 U.S.Dist. LEXIS 19563, at *7 (E.D.Mich. May 8, 1990). In those states, therefore, resolution of issues seemingly related to § 6972(a)(1)(A) depends solely on state law. *Williamsburgh–Around–The–Bridge Block Ass'n v. Jorling*, No. 89–CV–471, 1989 WL 98631, at *4 (N.D.N.Y. Aug. 21, 1989) ("Owners and operators in states with approved RCRA programs are required to follow the state program, not the federal program."). Therefore, state regulations govern subsection (a)(1)(A).

Conversely, courts hold that state regulations do not supersede § 6972(a)(1)(B). *Dague*, 935 F.2d at 1353. Subsection (a)(1)(B) allows for citizen suits "against any person

... who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment...." 42 U.S.C. § 6972(a)(1)(B). In *Straits Steel*, the court reasoned as follows:

> [A] state's own hazardous waste program affects only those actions brought pursuant to subsection A, i.e., those that depend upon the specific permit and notification requirements in subchapter III. Subsection B, on the other hand, is more general, and allows a direct cause of action against those whose activities "may present an imminent and substantial endangerment to health or the environment." Thus, a subsection B suit does not depend on any specific subchapter III provision, nor is it superseded by a state program.

1992 U.S.Dist. LEXIS 21431, at *2 (citing *Dague*, 935 F.2d at 1352–53).

▮▮▮ In this case, Clorox's count I is substantially based on § 6972(a)(1)(A).[1] Moreover, count I only refers to federal, not state, violations. The court finds that, first, count I does not appropriately allege a state violation under § 6972(a)(1)(A). Second, the court will not render an opinion as to the viability of a citizen suit for state violations if the complaint were amended because no state violations are alleged. *See, e.g., Sierra Club v. Chemical Handling Corp.*, No. 91–C–1074, 1992 WL 560882, 1992 U.S.Dist. LEXIS 21791 (D.Colo. Apr. 8, 1992) (refusing to address the issue until state violations were alleged). Third, although Clorox requests leave to amend its complaint in its response (Resp. at 5), the court will not consider such an amendment until the appropriate motion is filed. *See* Fed.R.Civ.P. 7(b)(1). Accordingly, since Illinois' hazardous waste program supersedes subsection (a)(1)(A), count I is dismissed.

*B. Count II: Tendering Notice Under the RCRA*

▮▮▮ The next issue is whether Clorox properly filed its amended complaint. Sec-

---

1. Clorox specifically refers to that section in the heading of the count and quotes a portion of it in

¶ 43.

tion 6972(b)(2) places a restriction on the filing of an RCRA claim premised on § 6972(a)(1)(B). Subsection (b)(2) provides that "No action may be commenced under subsection (a)(1)(B) of the section prior to ninety days after the plaintiff has given notice of the endangerment...." 42 U.S.C. § 6972(b)(2). Clorox filed its original complaint in the same month that it gave notice to Defendants. However, Clorox filed its amended complaint, which contained the RCRA claims, over ninety days after Defendants received notice.

Defendants argue that Clorox violated the statutory notice provision outright and, hence, the RCRA count should be dismissed. Furthermore, Defendants contend that filing the amended complaint thwarts Congressional intent behind § 6972(b)(2). Congress intended to ease the negotiation process, it is alleged, by creating a period of time which was free from litigation. *See Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, No. CIV A. 92–CV–7394, 1994 WL 483463, at *2 (E.D.Penn. Sept. 7, 1994) (citing *Hallstrom*, 493 U.S. 20, 110 S.Ct. 304). By filing the complaint before the ninety day grace period expired, yet amending after the period, Clorox violated Congressional intent.

The Seventh Circuit Court of Appeals has not specifically addressed the issue of when a plaintiff may file a complaint with an RCRA count after notice is given. *But see, e.g., City of Highland Park v. Train*, 519 F.2d 681, 690–91 (7th Cir.1975) (interpreting the notice provision of the Clean Air Amendments of 1970 as mandatory). As such, the court looks to the plain language of the statute and the cases which have wrestled with the arguments surrounding it. Of the cases dealing with notice violations, *Zands v. Nelson*, 779 F.Supp. 1254 (S.D.Cal.1991) is most instructive and addresses a number of the concerns which Defendants raise here.

Generally, there are two concerns that this court must address before articulating a policy for the RCRA notice provision. The first concern is at what time is an RCRA count "commenced" following the ninety day grace period for purposes of § 6972(a)(1)(B). Again, when a statute is at issue, a court must refer to its plain language. *Hallstrom,*

493 U.S. at 25–26, 110 S.Ct. at 308. The court is aware that the notice and "delay requirements are mandatory conditions precedent to *commencing* suit under the RCRA citizens suit provisions; a district court may not disregard these requirements at its discretion." *Hallstrom,* 493 U.S. at 31, 110 S.Ct. at 311 (emphasis added). Nevertheless, under the facts here, this court interprets the statute's language narrowly, as the court finds that whatever ambiguity is within that subsection, or within the structure of the section as a whole, cannot be cured by broadly referencing to singular citations of Congressional intent. *Cf. United States v. Valentine, et al.*, 856 F.Supp. 621, 626 (D.Wyo. 1994) (holding that certain provisions of the RCRA should be interpreted broadly). "'Absent a clearly expressed legislative intention to the contrary,' the words of the statute are conclusive." *Hallstrom,* 493 U.S. at 28, 110 S.Ct. at 310 (citing *Consumer Prod. Safety Comm'n,* 447 U.S. at 108–09, 100 S.Ct. at 2056 (1989)). The court reasons that if the drafters had intended something other than the language transcribed, they would have written so. From the code of Hammurabi to the code of the United States, our judicial foundations have been embedded in the principle that law must be manifested in a written form.

Federal Rule of Civil Procedure 3 defines when a suit is commenced: "A civil action is commenced by filing a complaint with the court." However, once amended, the initial complaint is no longer before the court. *Zands,* 779 F.Supp. at 1258. Therefore, the new counts in the amended complaint "commenced" when Clorox filed the amended complaint, not when it filed its initial complaint. The *Zands* court, under like facts, reasoned similarly:

> The verb "commence" requires, at a minimum, that the section 6972(a)(1)(B) cause of action appear in the complaint. Regardless of whether an amended complaint restarts a cause of action or merely modifies an existing one, a cause of action cannot be commenced before it appears in the pleading. As a result, the Court holds that for purposes of a notice and delay provision relating to a new claim which appears

for the first time in the pleadings in the amended complaint, the Court will look to the filing of the amended complaint to determine when the "action" is commenced.

*Zands,* 779 F.Supp. at 1258–59; *see also City of Heath,* 834 F.Supp. at 984. In *Heath,* the court followed the reasoning of *Zands* in holding that a non-adversarial notice period would impeded plaintiff's ability to bring new claims. *Id.* Hence, the *Heath* court used the date of the amended complaint, rather than relating back to the initial complaint, to define the notice period.[2] *Id.* Again, although Clorox filed the complaint soon after it mailed the notice letter, the RCRA claims were not alleged in the original complaint. Clorox filed the RCRA claim for the first time in its amended complaint, which occurred well after the ninety day delay period. Adhering to Rule 3 and the reasoning in *Zands,* Clorox "commenced" the RCRA claim when it filed its amended complaint, well after Defendants received notice. Accordingly, the court has subject matter jurisdiction over the amended complaint.

The second concern surrounding the RCRA notice provision involves Congressional intent. Defendants argue that by filing the initial complaint, regardless of the RCRA claim, Clorox effectively violated the grace period of the notice provision. Defendants cite the *Hallstrom* case and assert that Congress specifically intended the notice provision to create a non-adversarial period to allow the parties to settle the matter in a non-adversarial environment. They contend that filing any complaint, *ipso facto,* creates an adversarial environment. For this reason, Defendants conclude the court should strike the RCRA count from the amended complaint.

The court does not share the defendant's interpretation of the *Hallstrom* case. The *Hallstrom* opinion does not stand for the proposition that subsection (b)(2)(A) requires an absolute non-adversarial period, precluding one from filing a complaint upon a theory other than the RCRA. The *Hallstrom* decision spoke to the issue of allowing leniency towards timely filing an RCRA count, it did not contemplate the possibility of an RCRA count first appearing in an amended complaint. *See* 493 U.S. at 25, 110 S.Ct. at 308. The Supreme Court's analysis did not consider the situation as is presented here. Furthermore, the Court did not broadly mandate a period free of any litigation. Rather, the Supreme Court held "that the notice and 60-day delay requirements are mandatory conditions precedent to commencing suit *under the RCRA citizen suit provision...*." *Hallstrom,* 493 U.S. at 31, 110 S.Ct. at 311 (emphasis added); *see Zands,* 779 F.Supp. at 1259 (concluding that *Hallstrom* "does not state whether related litigation may proceed during the notice period....").

Additionally, this court does not subscribe to Defendants' view that Congress favored the delay period to the extent that the RCRA count should be dismissed outright where other counts were filed during the delay period. The legislative history illustrates that the notice provision is the result of an effort to encourage citizen enforcement of environmental regulations and to avoid weighing down the federal courts with excessive citizen suits. *Hallstrom,* 493 U.S. at 28–29, 110 S.Ct. at 310. The notice provision accomplishes this goal in two ways: (1) allowing governmental agencies to take control; and (2) granting the violator time to comply with the Act. *Id.*

"As to the first Congressional purpose, the presence or lack thereof of a non-adversarial requirement will not effect a governmental agency's decision to intervene in a suit." *Zands,* 779 F.Supp. at 1260. The rule adopted here still allows governmental agencies ninety days from the date of notice to involve themselves, free of an RCRA claim.

"As to the second Congressional purpose, the presence of pending litigation *may* impact alleged violators' willingness to voluntarily comply with RCRA." *Id.* However, to some defendants the threat of a lawsuit

---

**2.** Federal Rule of Civil Procedure 15(c) concerns the relation back doctrine. Generally, the rules were drafted to facilitate determination of claims on their merits. *Dussouy v. Gulf Coast Inv.* *Corp.,* 660 F.2d 594, 598 (5th 1981). Mandating that the RCRA claims relate back to the original complaint would frustrate this policy.

may be tantamount to actual involvement; that is, the threat may be no less adversarial than litigation. The benefits of mandating a period free of all litigation do not outweigh dismissal.[3] *Id.* The court finds that the imposition of a strict and absolute non-adversarial period would frustrate Congress' attempt to achieve a balance between encouraging citizen enforcement and avoiding a deluge of lawsuits.

*C. Count II: Service of Amended Complaint*

■ Defendants assert that Clorox did not timely serve their amended complaint upon the United States Attorney General and the Administrator of the United States Environmental Administration. The subsection at issue provides as follows:

> Whenever any action is brought under subsection (a)(1)(B) of this section in a court of the United States, the plaintiff shall serve a copy of the complaint on the Attorney General of the United States and with the Administrator.

42 U.S.C. § 6972(b)(2)(F). Interpreting the plain language of that subsection, the court finds that the provision does not provide a period within which a plaintiff must serve the amended complaint upon the authorities. As such, if a plaintiff served a copy of the amended complaint on the United States Attorney General and the Administrator at any time following its filing, it appears that the letter of § 6972(b)(2)(F) would be satisfied.

The case law is in accord. In October 1993, an Ohio District Court addressed the issue of timely service under subsection F. *Petropoulos v. Columbia Gas of Ohio, Inc.*, 840 F.Supp. 511, 516 (S.D.Ohio 1993). In *Petropoulos*, the defendant argued that plaintiff failed to timely serve its complaint on the Attorney General. *Id.* The *Petropoulos* court, however, agreed with plaintiff that the statute does not provide a time within which one must comply. *Id.* Furthermore, the *Petropoulos* court recognized that subsection F would contradict the language of prior subsections if the rule were as defendant suggested. *Id.*

Similarly, a court in the Northern District of Illinois spoke to this issue. *Dominick's Finer Foods v. Amoco Oil Co., et al.*, 93 C 4210, 1993 WL 524808 (N.D.Ill. Dec. 15, 1993) (Hart, J.). In *Dominick's*, the plaintiff served its amended complaint on the Attorney General four weeks after it filed the complaint. *Id.* at *4. "Section 6972(b)(2)(F) does not state that the notice must be served prior to filing the complaint. Subsequent service on the Attorney General is not a basis for dismissing the RCRA claim." *Id.* Although subsection F does not .expressly provide a temporal limit, the court finds that serving the Attorney General and Administrator with an amended complaint within six months of its filing is a reasonable parameter. In the case at bar, since Clorox served its amended complaint on the Attorney General and the Administrator four months after its filing, Clorox satisfied the timing requirement of subsection F.

■ Defendants also contend that service of the complaint upon the authorities must be alleged in the complaint itself to comport with subsection F. *Hallstrom* provides that the delay and notice provisions are "mandatory conditions precedent to commencing suit under the RCRA citizen suit provision...." *Hallstrom*, 493 U.S. at 31, 110 S.Ct. at 311. The issue becomes whether service of the complaint is a condition precedent which must be alleged in the complaint itself, or simply complied with to satisfy the statute. The Ninth Circuit Court of Appeals held that certain conditions precedent must be alleged. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). "[Plaintiff] has not pleaded that it has provided 90–day notice; it has not pleaded that it has notified the Attorney General. We therefore lack subject matter jurisdiction over [plaintiff's] RCRA subsection B claim." *Id.* See also *City of Heath*, 834 F.Supp. at 983. In *City of Heath*, the court echoed the Sixth Circuit's position: "[C]ompliance with the citizen suit *notice* requirement 'is a jurisdictional prerequisite to bringing a citizen suit and must be sufficiently alleged.'" *Id.* (emphasis added)

---

**3.** Outright dismissal would be the only result if the court were to require a mandatory non-adversarial period; no amendment would be able to cure the error.

(citing *Walls,* 761 F.2d at 316–17). However, neither *Ascon* nor *Heath* dealt with subsection F service directly in their reasoning, rather they dealt with the notice element.[4] Whereas, in a more recent case, a Wisconsin District Court held that a complaint need not allege the complaint was served to satisfy subsection F. *Acme Printing Ink Co. v. Menard, Inc.,* 812 F.Supp. 1498, 1513 (E.D.Wis.1992). "Since § 6972(b)(2)(F) merely requires that a plaintiff serve a copy of the complaint on the Attorney General and the Administrator and does not require that the plaintiff record that service in his complaint, this Court finds that Acme has met the requirements of subsection (b)(2)(F)." *Id.* This court is persuaded by the more recent case law. Especially considering that the court's prior ruling that a plaintiff may serve the necessary parties after the filing of an RCRA count, the court holds that a complaint need not specifically allege compliance with subsection F to survive a motion to dismiss. Accordingly, the court finds that Clorox complied with the statute's notice requirement.

### D. Count II: Civil Penalties

■ The next issue pertains to the imposition of civil penalties. Defendants argue that count II makes an improper request for civil penalties. They reason that civil penalties can only be imposed if a subchapter III violation is alleged but that count II does not refer to such a violation. The court disagrees. Amended count II requests the court to impose civil penalties against Defendants under the authority of 42 U.S.C. § 6928(g) by operation of § 6972(a). Section 6972(a) grants the district court jurisdiction "to apply any appropriate civil penalties under section 6928(a) and (g) of this title" for violations of § 6972. Furthermore, § 6928(g) provides that violators of a subchapter III requirement "shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation." 42 U.S.C. § 6928(g). One could interpret the language of these provisions to allow for civil penalties only when a subchap-

ter III violation is alleged. But such an interpretation goes against the general meaning of the § 6972(a). The court finds, tracking the language of § 6972(a), that a "district court should have jurisdiction ... to apply any appropriate civil penalties under § 6928(a) and (g)" for violations of § 6972(a). *See* 42 U.S.C. § 6972(a). To find otherwise would render the language in question superfluous. Accordingly, the court holds that § 6972(a) allows for civil penalties.

■ Additionally, the court could find other grounds to retain Clorox's request for civil penalties in count II. (Am.Compl. ¶ 63.) Although amended count II's heading refers specifically to § 6972(a)(1)(B), ¶ 52 of that count incorporates ¶¶ 1–41. Thus, Clorox alleges subchapter III violations by way of prior paragraphs. For instance, ¶ 18 alleges that Chromium failed to receive a permit, which alludes to a subchapter III violation requiring one to obtain a permit according to the Administrator's regulations. *See* 42 U.S.C. § 6925(a). Paragraphs 21 and 22 allege that numerous hazardous spills have occurred and that Chromium operated a waste facility unlicensed in violation of § 6924(d) or (e). The court emphasizes that in a motion to dismiss a plaintiff need not articulate the specific provision of a statute. *Tolle,* 977 F.2d at 1134–35. Therefore, the court finds that, under the liberal standards for a motion to dismiss under Rule 12(b)(6), count II sufficiently alleges a subchapter III violation. Accordingly, Defendant's motion to dismiss or strike ¶ 63 is denied.

### E. CRO's Involvement in Counts I and II

■ Clorox alleges in its amended complaint that it is seeking "(6) civil penalties assessed against *the defendants* for violations of RCRA." (Am.Compl. ¶ 2) (emphasis added). Paragraph 2 falls under the heading "Nature of Action" in the amended complaint. Counts I and II incorporate all preceding paragraphs in ¶ 42 and ¶ 52 respectively, thus, ¶ 2 is included in both counts. However, neither counts I or II seek relief

---

4. Clorox did appropriately plead issuance of *notice* to the necessary parties pursuant to subsec-

tion (b)(2)(A). (Am.Compl. ¶ 6.)

from CRO in the respective prayers for relief. CRO moves the court to dismiss CRO from both counts. Clorox argues that the motion is meritless because there is nothing in either count I or II from which CRO can be dismissed. Moreover, Clorox offers "to modify subsection (6) of ¶ 2 by replacing 'the defendants' with 'Chromium.'" (Resp. at 15.) The court finds that no cause of action is alleged against CRO in amended counts I and II. Accordingly, the court strikes references to CRO from counts I and II as impertinent, pursuant to Federal Rule of Civil Procedure 12(f).

*CONCLUSION*

For the foregoing reasons, Defendants' motion to dismiss is granted as to count I, but denied as to count II.

IT IS SO ORDERED.